### THOMAS SMITH *vs.* ERASTUS· W. SANBORN.

The mere intermingling by a furniture dealer, with his other goods, of furniture sold to him in fraud of the seller's creditors, without proof of unlawful motive in the purchaser, does not entitle the creditors of the seller to attach the purchaser's whole stock of goods as the seller's property, without requesting the purchaser to point out the portion of the goods held under such sale.

ACTION OF TORT against a deputy sheriff for taking goods of the plaintiff on writs against Patrick H. Hayden.

At the trial in the court of common pleas at January term 1854, there was evidence of the following facts: About a month before the taking complained of, the plaintiff purchased of Hayden a stock of furniture in a shop on Washington Street in Boston, at the price of about $2,000, and gave his note therefor, and entered into and continued in possession thereof, making sales at retail, and making new purchases of furniture from other persons, from time to time, to the amount of about two hundred dollars. The defendant attached and sold all the goods in the shop as Hayden's property; and now introduced evidence tending to show that the sale by Hayden to the plaintiff was fraudulent as against creditors. It did not appear that the defendant, at the time of the taking, inquired whether there were any other goods in the shop than those bought of Hayden, or then, or afterwards and before the sale, gave the plaintiff notice that he claimed the right to attach only the goods purchased of Hayden, or asked him to point out the goods so purchased; or that the plaintiff offered to point them out. The plaintiff claimed all the goods.

*Wells*, C. J. instructed the jury " that, inasmuch as the plaintiff had allowed the goods subsequently purchased by him to be intermingled with the like property purchased by him of Hayden, and had not discriminated to the defendant between the goods purchased by him of Hayden and those purchased of other parties, nor pointed out to him such goods subsequently purchased, nor made a separate demand for them, other than a general demand for the whole, if the jury found the original

sale to the plaintiff from Hayden tainted with fraud, they must find a verdict for the defendant, and the plaintiff could not recover for the goods purchased by him of other parties than Hayden."

The jury found a verdict for the defendant, and the plaintiff alleged exceptions.

*T. S. Harlow*, for the plaintiff.

*H. F. Durant & O. Stevens*, for the defendant.

MERRICK, J. The instruction to the jury, considered in reference to the facts to which it was applied, was too general and comprehensive. It should have been accompanied by a statement of the qualification to which it was properly subject, without which it was erroneous, and may have induced a verdict which ought not to have been rendered. A change of ownership does not necessarily ensue from the mere intermixture of property belonging to different individuals. Their rights as owners may remain unaffected after it has taken place. Each one of them is still at liberty to reclaim what had before belonged to him, if it can be distinguished and separated from the rest; or may insist on receiving his just proportion of the whole, when the several parcels of which it consists, though they have become indistinguishable, are of substantially the same quality and value. It is only in those cases where the intermixture has been caused by the wilful or unlawful act of one of the proprietors, and the several parcels have thereby become so combined or mingled together that they can no longer be identified, that his interest in them is lost. According to the statement of the law by Chancellor Kent, the entire property is given, " without any account, to him whose property was originally invaded, and its distinct character destroyed." " But," he adds, " this rule is carried no farther than necessity requires ; and if the goods can be easily distinguished and separated, as articles of furniture, for instance, then no change of property takes place." 2 Kent Com. (6th ed.) 364.

These distinctions have been recognized and confirmed by the decisions of this court in cases which have heretofore been before it. Thus where one mixed his palm leaf hats indiscrimi-

nately with the hats of another person, so that his own could not be distinguished from the others, it was held, that in that contingency, he had no right to take any from the lot; but must lose the whole, because in intermixing them purposely, or through want of proper care, he acted unlawfully and in violation of his duty. *Willard* v. *Rice*, 11 Met. 493. And in the case of *Ryder* v. *Hathaway*, 21 Pick. 298, it was determined that the plaintiff, by so mixing wood cut on his own land with wood unlawfully cut and taken from land of the defendant, that the trees taken from the two lots were no longer distinguishable, did not divest himself of what honestly belonged to him, if he actually supposed that all the land from which the wood was taken was his own; and that, either in trespass or trover, he could recover of the defendant, who, under the claim that by the admixture the whole of it had become his, had carried it away and converted it to his own use, the value of that proportion which belonged to him, unless he mixed the wood with the intent to mislead or deceive the defendant, and to prevent him from taking his own without danger of taking the plaintiff's also; in which contingency he would by his own fraudulent act have lost his property and been without remedy.

As it is a necessary implication from the verdict that the sale by Hayden was fraudulent, the defendant has shown a sufficient authority for taking all the goods which were held under that conveyance; but he had no right to attach the whole stock in the plaintiff's possession, without first endeavoring, by the exercise of a proper degree of caution and diligence, to ascertain whether any, and if any, what part of it was honestly owned by him, and to which the creditors of Hayden could set up no legitimate claim. It did not necessarily devolve upon the plaintiff to give, in the first instance, and before any request was made to him to do so, information concerning the title under which he professed to own the different portions of the furniture then being in his store; for he could not know but that the creditors of Hayden intended to insist not only that the sale which he had made was fraudulent, but that the whole business was secretly carried on for his benefit, and therefore that all the

property of which the stock consisted belonged to Hayden and was liable to attachment for his debts. It was certainly no more than a reasonable precaution on the part of the defendant, prior to the service of the writs, to make some inquiry of the plaintiff in relation to it, and, if told that the stock embraced articles which had never belonged to Hayden, to request that they should be designated and pointed out. To this extent therefore the instruction given to the jury should at least have been qualified, and without any such restriction was incomplete and inaccurate. *Exceptions sustained*